# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MERLIN COLEMAN,** | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 06 C 6571 ) |
| **UNITED STATES OF AMERICA,** | ) ) |
| Defendant. | ) ) ) |

### MEMORANDUM OPINION AND ORDER

Petitioner Merlin Coleman was convicted of conspiracy, three counts of using a telephone to facilitate the conspiracy, and a substantive count of possession with the intent to distribute crack cocaine. He was sentenced to 240 months in prison. He has filed a petition under 28 U.S.C. § 2255 alleging a series of ineffective assistance of counsel claims. For the following reasons, the petition is denied.

I.

Coleman, along with his co-defendants, was initially charged with conspiracy to distribute and to possess with intent to distribute in excess of 5 kilograms of cocaine and in excess of 50 grams of cocaine base during the time period spanning from 1998 to March 2002. On February 28, 2003, Coleman began to enter a guilty plea to these charges pursuant to a written plea agreement with the government in which Coleman agreed that he was responsible for 5 to 15 kilograms of cocaine. Coleman verbally affirmed this fact at

the plea hearing after the government stated the facts supporting Coleman's guilt, but when asked directly by the court what he had done, Coleman retracted his admission. At that point, the plea hearing was continued by agreement of the parties so that defense counsel could confer with his client in an attempt to resolve the drug amount issue. Coleman would never complete his guilty plea.

On May 29, 2003, a grand jury returned a superseding indictment charging Coleman and some of his co-defendants with the same drug conspiracy previously charged, but for the time period of 1996 through March 2002. In addition to the conspiracy count, Coleman was also charged with a substantive count of distributing cocaine on October 21, 2000 (Count XII), and three telephone counts. Coleman was arraigned on the superseding indictment on June 6, 2003, entering a plea of not guilty. On July 11, 2003, the government filed an Information and Notice Pursuant to 21 U.S.C. § 851, indicating that the government intended to seek enhanced penalties against Coleman based upon one of Coleman's two prior felony drug convictions.

Coleman and his co-defendants' jury trial began on July 21, 2003 and lasted approximately 8 days. On August 1, 2003, the jury found Coleman guilty as charged in the superseding indictment and determined he was responsible for 5 or more kilograms of cocaine as part of the conspiracy. Coleman was sentenced to 240 months' imprisonment. Coleman later appealed his conviction and sentence.

The Seventh Circuit upheld his conviction. *See United States v. Jenkins*, 419 F.3d 614 (7th Cir. 2005).

II.

Ineffective assistance of trial counsel may properly be raised in a § 2255 motion regardless of whether the issue was raised on direct appeal, as long as the petitioner presents extrinsic evidence in support of his motion. *McCleese v. United States*, 75 F.3d 1174, 1178 (7th Cir. 1996) (citations omitted). To prevail, Coleman must show that (1) his counsel's performance was constitutionally deficient, and (2) the deficient performance prejudiced him with regard to the outcome of the trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).[1]

> A. Claims 1, 2, 4: Ineffective assistance of trial counsel regarding the guilty plea.

Coleman argues his trial counsel was ineffective subsequent to the plea hearing by failing to communicate with him about pleading guilty and that Coleman would have done so rather than go to trial. In order to prevail on this claim, Coleman must establish that

---

[1] Coleman cites *United States v. Cronic*, 466 U.S. 648, 659 (1984) to argue that prejudice should be presumed in his case. *Cronic* held that aside from extreme circumstances such as a complete denial of counsel or preventing counsel from assisting the accused during a critical stage of the proceeding "there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt." *Id*. at 169 n.26. Coleman was not denied an attorney or assistance from one during the proceedings; instead Coleman identifies specific errors made by his attorney. Accordingly, I find *Cronic* inapplicable here and review Coleman's claim under *Strickland*.

3

there is objective evidence that he would have plead guilty if he had received adequate assistance of counsel. *Paters v. United States*, 159 F.3d 1043, 1046-47 (7th Cir. 1998).

Coleman argues that he did not want to go to trial given the evidence against him, and that he wanted to plead guilty in order to avoid additional charges, increased statutory penalties, and the loss of acceptance of responsibility points. Coleman blames his trial counsel for failing to communicate or consult with him after the incomplete plea hearing about renewing a plea of guilty, and claims that if trial counsel had properly advised him in that regard, he would have chosen to plead guilty and necessarily received a lower sentence.

Although Coleman's affidavit alleges he would have pled guilty but for his counsel's lack of communication and advice until the eve of trial, the objective evidence is inconsistent with such a claim. Coleman had numerous opportunities to inform the court and his counsel of his desire to plead guilty after the continued February 28, 2003 plea hearing. Coleman's guilty plea was continued on February 28 after he denied that he had distributed in excess of five kilograms of cocaine, contrary to the government's proffer to the court of what the evidence would be if the case went to trial. Initially, the matter was continued to March 10, 2004, at which time the defendant and his lawyer were present. The plea was continued at that time to April 11 because defense counsel

indicated he needed more time to discuss the matter with defendant. On April 11, 2004, defendant and his lawyer were present. Counsel stated there would not be a plea. I then asked defendant if he wanted to go to trial and he moved his head up and down, signifying "yes." Coleman also stood with his trial counsel at his June 6, 2003 arraignment on the superseding indictment and was present at the pretrial conference following arraignment. At no time during any of the hearings did Coleman either indicate he wanted to plead guilty (and he responded affirmatively to my question on April 11 as to whether he wanted to go to trial), or state that he was having any difficulty in communicating with his lawyer. Moreover, Coleman's allegation that he wanted to plead guilty to conspiracy to distribute more than 5 kilograms of cocaine is contradicted by his February 28, 2003 statements at his plea hearing. At that hearing he affirmed that he had conferred with his trial counsel on the issue, but refused to plead guilty to that charge. This is inconsistent with Coleman's allegation that he would have otherwise pled guilty.

The objective evidence in this case does not support Coleman's self-serving affidavit and I cannot find that Coleman has established prejudice. *See id.* Accordingly, claims 1, 2, and 4 of the petition are denied.

indicated he needed more time to discuss the matter with defendant. On April 11, 2004, defendant and his lawyer were present. Counsel stated there would not be a plea. I then asked defendant if he wanted to go to trial and he moved his head up and down, signifying "yes." Coleman also stood with his trial counsel at his June 6, 2003 arraignment on the superseding indictment and was present at the pretrial conference following arraignment. At no time during any of the hearings did Coleman either indicate he wanted to plead guilty (and he responded affirmatively to my question on April 11 as to whether he wanted to go to trial), or state that he was having any difficulty in communicating with his lawyer. Moreover, Coleman's allegation that he wanted to plead guilty to conspiracy to distribute more than 5 kilograms of cocaine is contradicted by his February 28, 2003 statements at his plea hearing. At that hearing he affirmed that he had conferred with his trial counsel on the issue, but refused to plead guilty to that charge. This is inconsistent with Coleman's allegation that he would have otherwise pled guilty.

The objective evidence in this case does not support Coleman's self-serving affidavit and I cannot find that Coleman has established prejudice. *See id.* Accordingly, claims 1, 2, and 4 of the petition are denied.

B. Claim 6: Ineffective assistance of trial counsel
for not advising Coleman of the superseding
indictment and the government's § 851 Notice.

Coleman also argues that his trial counsel was ineffective because he failed to advise Coleman of the superseding indictment filed against him, or of the government's § 851 Notice, either before or during his trial, which began on July 21, 2003. With respect to the superseding indictment, Coleman was arraigned on that indictment on June 6, 2003. At that time he was informed of the charges against him, waived formal reading of those charges, and pled not guilty. Moreover, the additional charges included in that indictment – a substantive cocaine distribution count and multiple telephone counts – did not carry any additional penalties above the penalty imposed for the drug conspiracy charge, which was substantially similar to the conspiracy charged in the original indictment. Accordingly, even if Coleman's allegations are taken as true, he could not establish prejudice.

Coleman's claim that he did not become aware of the § 851 Notice before sentencing is unsustainable. For one, Coleman's own sworn affidavit, attached to his memorandum in support of his petition, establishes that he was familiar with and understood the concept of the § 851 Notice prior to sentencing. In particular, in his affidavit, Coleman provides that with respect to his intention to accept the government's initial guilty plea "I accepted this arra[i]gnment with no problem because by accepting it then I would

6

not get enhanced under §851 for my prior offense and I would likely get acceptance of responsibility." (Aff. at ¶ 1.) Coleman also writes "I really wanted to plead guilty [because] I was guilty of the charged offense, and because I knew by pleading guilty as soon as I could I would not get any other charges filed against me, that I would not have an §851 enhancement Notice filed against me, and that I could possibly receive a redu[c]tion in my sentence for acceptance of responsibility." (Id. at ¶ 5.) In addition, at a hearing on this issue, Coleman's attorney, Mr. Levin, testified credibly before this court that he had informed his client of the § 851 Notice before sentencing. Accordingly, claim 6 is denied.

> C. Claim 3: Ineffective assistance of appellate counsel for failing to argue on appeal that the trial court violated FED. R. CRIM. P. 11(c)(5).

Coleman argues his appellate counsel should have argued that the court committed error because it failed to state on the record its reasons for rejecting the parties' plea agreement as required under Rule 11(c)(5). This argument is inconsistent with the record. The court never rejected Coleman's guilty plea, which was instead continued by agreement of the parties. Coleman never completed his guilty plea.

Appellate counsel's failure to raise this argument does not mean that counsel was constitutionally ineffective. *See Jones v. Barnes*, 463 U.S. 745, 754 (1983). The plea hearing was continued because Coleman did not want to proceed with his plea, not because

7

the court rejected it. Therefore, Rule 11(c)(5) does not apply and such an argument would not have proven successful on appeal. *See Lee v. Davis*, 328 F.3d 896, 901 (7th Cir. 2003) (in order to satisfy the prejudice prong, a petitioner must show there was a reasonable probability that raising the issue on direct appeal would have affected the outcome of his appeal). Accordingly, claim 3 is denied.

> D. Claim V: Ineffective assistance of trial counsel for not filing a pretrial motion to suppress Coleman's post-arrest statements.

Coleman claims his counsel was ineffective because he failed to file a pretrial motion to suppress various statements Coleman made after being arrested and requesting to speak to an attorney. The statements at issue were introduced at trial through the testimony of former FBI Special Agent Wayne Zydron. Zydron testified that he played a taped conversation of a person nicknamed "Dee Dee" and co-defendant Kevin Reed, in order to determine whether "Dee Dee" was Coleman, and asked another law enforcement officer in the room whether it sounded like Coleman. Zydron testified that when the second law enforcement officer answered in the affirmative, Coleman put his head in his hands and said "I'm fucked" and continued to shake his head, commenting that he dreamt something like this was going to happen because Reed had called him a couple of days ago and tried to order drugs.

8

Trial counsel indicated that he made a tactical decision not to file a motion to suppress these statements, noting that any such motion was not likely to succeed. (*See* Tr. 7/22/03 p. 350.) "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *See Strickland*, 466 U.S. at 690. At trial, Coleman's trial counsel exhibited knowledge and familiarity with the content and context of the statements at issue. Overall, this weighs strongly against Coleman's argument. *Id*. ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."). Moreover, Coleman cannot establish prejudice. In addition to Zydron, Chicago police officer Cory Flagg testified that he had contact with Coleman in 1998 and that Coleman went by the nickname "Dee Dee." Flagg identified Coleman in court. Accordingly, Coleman has not shown that counsel was ineffective and claim 5 is denied.

III.

For the foregoing reasons, Coleman's § 2255 petition is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: August 16, 2007